RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Urbano,<br><br>                             Plaintiff,<br><br>    --against—<br><br>Seabreeze Fish Market Inc., Vincent J. Dimino, an individual, Paul Dimino, an individual,<br><br>                             Defendants. | **COMPLAINT** |

Plaintiff, David Urbano, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Seabreeze Fish Market Inc., Vincent J. Dimino, and Paul Dimino, jointly and severally (collectively referred herein as "defendants") alleges:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiff.

2. Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage and premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed Plaintiff as a Cashier to perform the following duties from on or about January 28, 1994 through February 3, 2024: attend to customers, help customers select fish, ring up the customers, clean the establishment, unload merchandise.

8. Plaintiff was not exempt from the FLSA.

9. Defendants employed Plaintiff 6 per week, from for approximately 60 to 72 hours each week.

10. Defendants paid Plaintiff as follows: salary of $875 per week.

11. Defendants did not pay Plaintiff minimum wage or premium overtime pay for hours worked in excess of 40 hours per week.

12. Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

13. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the

NYLL.

14. During the course of his duties, Plaintiff swiped credit cards, on behalf of Defendants.

**Defendants**

15. Defendant Seabreeze Fish Market Inc. , is a New York corporation with its principal executive office located at 541 9th Avenue, New York, NY 10018 in the County of New York.

16. Defendant operates a commercial establishment that engages in the following: Fish Market.

17. Defendant Seabreeze Fish Market Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, monitors, fish, lobster, shrimp, clams, mussels, and lettuce, and (2) an annual gross volume of sales in excess of $500,000.

18. Defendant Seabreeze Fish Market Inc., is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

19. Defendant Vincent J. Dimino is an owner and/or officer of Seabreeze Fish Market Inc. Defendant Vincent J. Dimino exercises sufficient control over the corporation's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

20. At all relevant times, Vincent J. Dimino has maintained control, oversight, and direction over Plaintiff because Vincent J. Dimino hired Plaintiff, terminated Plaintiff, and set Plaintiff's rate

of pay.

21. Defendant Paul Dimino is an owner and/or officer of Seabreeze Fish Market Inc. Defendant Paul Dimino exercises sufficient control over the corporation's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

22. At all relevant times, Paul Dimino has maintained control, oversight, and direction over Plaintiff.

23. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME

24. Defendants suffered or permitted Plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week and without paying Plaintiff minimum wage.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

25. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

26. Defendants failed to furnish Plaintiff with wage notices as required by § 195(1) of the Labor Law.

27. The NYLL and Wage Theft Prevention Act requires employers to provide all employees

with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

28. Defendants also failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

### DEFENDANTS' FAILURE TO PAY SPREAD OF HOURS PAY

29. Plaintiff's workday equaled or exceeded 10 hours per day, whether or not Plaintiff received a break.

30. Defendants did not pay Plaintiff an extra hour of pay for each day in which Plaintiff's spread of hours equaled or exceeded 10 hours.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

31. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

32. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

33. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

34. Defendants have failed to pay Plaintiff a minimum wage, to which Plaintiff is entitled under the FLSA.

35. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

36.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

37.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

38.  As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

39.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

40.  Defendants have failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, to which Plaintiff is entitled under the FLSA.

41.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

42.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

43.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

44.  As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and

is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### THIRD CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

45. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

46. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and Defendants therefore employed Plaintiff.

47. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

48. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

49. Defendants have failed to pay Plaintiff minimum wage to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

50. Through their knowing or intentional failure to pay minimum wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

51. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (NYLL – Overtime)

52. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

53. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

54. Through their knowing or intentional failure to pay minimum wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

55. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

56. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

57. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

58. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
**(NYLL – Failure to Provide Wage Statements)**

60. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

61. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

62. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SEVENTH CAUSE OF ACTION
### (Spread of Hours Pay)

64. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

65. Defendants regularly and knowingly required Plaintiffs to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

66. Defendants knowingly, willfully, and intentionally failed to pay Plaintiffs one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

67. Because of Defendants' willful violation of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, Plaintiffs' unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that Defendants have violated the minimum wage and overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that Defendants have violated the minimum wage and overtime provisions of the NYLL, and supporting regulations;

  c. declaring that Defendants have violated the Wage Theft Prevention Act;

  d. declaring that Defendants' violations of the FLSA were willful;

  e. declaring that Defendants' violations of the NYLL were willful;

  f. awarding Plaintiff damages for all unpaid wages;

  g. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  i. awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  j. awarding Plaintiff an additional hour of pay for each day for Spread of Hours Pay, plus reasonable counsel fees, costs, and disbursements;

  k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  l. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  m. granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  n. awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

  o. awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         February 6, 2024

                        RAYMOND NARDO, P.C.

          By: _____
                 RAYMOND NARDO, ESQ.
              129 Third St
              Mineola, NY 11501
              (516) 248-2121
              Nardo@Raynardo.com
              *Counsel for Plaintiff*